Okay, Mr. Haynes. Good morning, Your Honors. And may it please the court. My name is DeSean Hayes. I am the counsel for appellant, Ron Johnson, and I will be addressing the only issue that's before this court and that's whether the trial court abuses discretion in dismissing the plaintiff's action for an alleged failure to comply with a discovery order. Your Honor, this court has on numerous previous occasions held that a dismissal is a draconian remedy that should only be used as a measure of last resort and is only warranted under extreme circumstances. Your Honor, I offer to this court that those extreme circumstances are not present in this matter. This was only a one-month delay. Is that right? That is correct, Your Honor. It was only a one-month delay. The plaintiff did, in fact, provide discovery responses to the defendant. It is their argument, the basis of their argument that was within their motion to dismiss, that the responses were simply untimely. Now, this court has, in fact— The magistrate judge took four months to rule on whether the supplemental responses were inadequate. That is correct, Your Honor. The magistrate did take that time. The plaintiff did, in fact, provide supplemental responses during that time period in which he outlined the medical providers that he treated with, the witnesses that he would call, and he also provided a signed medical authorization so that the defendants can obtain those records. At all pertinent times, the plaintiff advised the defendant that he did not possess any medical records or any medical bills, but he did provide the names and addresses of the whereby the defendant could have obtained them. Now, this court has identified that a trial judge does have vast discretion in assessing sanctions for violations of discovery orders, but to avoid abusing that discretion, this court outlined four factors that I will address each independently. First, Your Honors, is whether the refusal to comply to the conduct was, in fact, accompanied by a clear record of contemptuous conduct. In this matter, Your Honor, neither one is present. The record is, in fact, deplete with any evidence that the appellant acted with any willfulness or any bad faith, let alone that his actions were, in fact, accompanied by contemptuous conduct. And this is, in fact, identified by what I have previously stated. The plaintiff initially provided his responses in May 2018, whereby he listed medical providers, he listed witnesses, and he also advised the defendant candidly and frankly saying, hey, I don't have any medical records. The plaintiff then, Your Honor, supplemented and provided more witnesses that he would call at trial, and he also provided a signed medical authorization form. Now, the providing of a medical authorization form is key. It's key, in fact, that the defendants never used it. The defendants and my opponent will present to the court that the plaintiff would not even provide basic discovery material, which is wholly untrue. The defendant was aware of the medical providers since May of 2018. They never issued any subpoena ducis tecum to get those counsel to obtain a deposition of the plaintiff to get any clarity to any responses. And they never did anything to advance their defense other than filing a motion to dismiss. Now, Your Honor, the defendant failed to meet their burden to show that the plaintiff acted in bad fate and acted in a total disregard to his responsibilities and discovery. Again, the basis of their argument to suggest that there was bad fate was the untimeliness of the plaintiff's responses. But as this court is aware, untimeliness alone does not automatically mean that the party acted in bad fate. Now, secondly, Your Honor, the second factor that the trial court failed to consider is determining whether the alleged misconduct of the party is attributable to the attorney or the client. Counsel for the appellant advised the magistrate on several occasions that any delays in providing supplemental responses was due to the inability and incapacity of the plaintiff. The trial court nor the magistrate made no further inquiry as to the basis or the extent of that incapacity or that inability. And this is highlighted by the fact that the plaintiff submitted discovery responses not accompanied by an oath. An oath is important because a party is essentially attesting to the truth and the validity of those responses. An oath could not be obtained because the plaintiff was unable to do so. The magistrate actually recognized that it couldn't find that there was any responsibility on the part of the plaintiff himself, right? That's correct. That's correct. And that's important and that's a big factor that this court should take into consideration that the magistrate and also my opponent will actually concede that no one really was able to figure out whether this was attributable to the plaintiff or the attorney. And if you cannot make that assessment, then you cannot provide a drastic remedy in the form of a dismissal. Thirdly, and most importantly, the third factor is that the defendant was unable to show that it was substantially prejudiced by any delays in discovery responses. The standard is not actual prejudice. It's not a little bit. It is substantial and they're unable to do so. As I've already stated, they had the names of the medical providers since May of 2018. They didn't issue any subpoenas for the records. They didn't depose the plaintiff. They didn't conduct any Rule 26F conferences to get an explanation of the answers. They didn't even respond to the plaintiff's discovery for over six months. So they're alleging that they're prejudiced by the actions of the plaintiff when they're committing the same actions that they're complaining of. Did the plaintiff submit all of his responses during the four months he was waiting on a decision? That is correct. The magistrate ordered that the plaintiff in fact provide additional responses and provide a medical, a signed medical authorization form, which was done. That was all that was lacking. I'm sorry? That's all that was lacking? That is correct. That is correct. Now, what the court has to also take into consideration, there was never a trial date set. It was just simply a case management order that was consented to by both parties. Now, there would be actual prejudice if there was a trial date set and the plaintiff's actions are inhibiting the defendants from formulating and advancing a defense. But in this case, it was just simply a discovery case management order that could have been extended by the court or by consent of both parties. Lastly, and most importantly, the last factor that the court did not take any consideration. The court did not consider or even employ any less drastic sanctions. Now, the court did mention that a dismissal or excluding certain witnesses and witnesses would be tantamount to a dismissal. But they make that blanketed assumption without specifying what particular witnesses it would exclude and what particular pieces of evidence will be excluded that will be tantamount to a dismissal. This court has ruled in OPREC surgery versus Sonic Auto that there should be some sort of notice of dismissal within the due process errors. The discovery order that is in question does not provide any sort of notice to the plaintiff suggesting that if there's a failure to comply with this order, your case will be dismissed. The only instructions within that discovery order is that the plaintiff provides supplementary responses within 21 days.  Due process that if he doesn't supplement his responses with thorough responses within 21 days, his case will be dismissed, but also the court did not employ or consider any less drastic sanctions before it dismissed the case. The only time that the magistrate even contemplates less drastic sanctions is in his report and recommendation that the case be dismissed. Of course, it is not the business of this court to tell the trial court which particularly less drastic sanctions it should employ, but in this particular matter, the factors that are listed within OPREC's, the trial court could have stayed the proceedings, particularly in light of the fact when it was advised that the plaintiff was incapacitated. The court could have awarded monetary sanctions in the form of attorney's fees or other penalties. The court could have designated facts. The court could have excluded evidence. The court could have struck pleadings and it could have excluded witnesses. None of that was done. It was strictly provide these responses within 21 days. Then it was a subsequent motion to dismiss by the defendants and then it was a dismissal. That's not essentially a dismissal with prejudice. That is correct. A dismissal with prejudice. Ultimately, the plaintiff had every desire to participate in discovery and that's evidenced by the fact that he gave responses. If the defendants deemed this responses to be insufficient or deemed that the plaintiff did not have what was necessary to meet his burden of proof, then he could have filed the motion for summary judgment. This is not a case in which the plaintiff did nothing at all. The cases that have been cited by the appellee within the his opposition are highly distinguishable on two factors. Number one, the courts in those cases put a notice within their discovery orders stating that if you do not comply with this discovery order, we will dismiss your case. And secondly, the courts within the cases cited by the defendant all employed less drastic sanctions first before they dismiss the case. Those are two highly distinguishable facts within the cases cited by the defendant and was actually before this court. Before this court, there were no less drastic sanctions even considered until it was time to dismiss the case. And then secondly, there was no notice provided to the plaintiff that if he does not comply, his case will be dismissed with prejudice. Yes, that will include my opening argument unless the court has any further questions. I will reserve a further argument for rebuttal. Yes, I believe you've covered everything. Thank you. Thank you. James. Mr. Corcoran. Good morning, Your Honors. If it pleases the court, I'm Ronald Corcoran on behalf of the defendants. I'm not sure exactly where the one month delay time frame came from, where it starts, where it ends. This lawsuit was filed on September 9, 2017. On October 11, 2017, I filed an answer and I propounded discovery, basic discovery. Thirteen interrogatories. One of them asked, who are your witnesses going to be? Because whoever your witnesses are going to be, I'm probably going to take their depositions. Several other basic interrogatories like identify what exhibits you may use. One interrogatory that certainly is relevant is, have you recovered from your injuries? And if you haven't recovered, I think that's the last interrogatory, number 13, I believe. And if you haven't recovered from your injuries, tell me in what way you're still suffering from those injuries. I got no answer at all from anything and by letter dated December 27, 2017 to Mr. Hayes, I advised that I had not received a response to discovery. Now that letter came after our December 2, 2017, Rule 26F conference. Then on January 9, 2018, I contacted Mr. Hayes and we held a Rule 37 conference regarding discovery and Mr. Hayes and we were talking about the discovery propounded on October 11, 2017. This is a conversation taking place on January 9, 2018. And Mr. Hayes says, can I have till the end of the month? And I said, sure. And so the end of the month came and I had not heard from Mr. Hayes and another week went by and I had not heard from Mr. Hayes. And so on February 7, 2018, I filed a motion to compel. On February 28 of 2018, Mr. Hayes filed an opposition to the motion to compel and part of his opposition was that he just objected to discovery because it had been propounded prior to the Rule 26F conference. That is true. I did do that, but the Rule 26F conference was held on January 9, 2017. So at least he said from December, January, and February to respond to discovery. I'm not looking to go to court and have a hearing on the motion to compel, just send me responses to my discovery. I've got none, nothing as of this day. You don't have to convince me that the plaintiff's responses run timely and not comprehensive, but what factors can you dismissal with prejudice as a sanction? Well, I don't know what else you do. At the hearing on the motion, typically lesser sanctions. I mean, the magistrate said lesser sanctions have been employed already to no avail. What were the lesser sanctions? Well, a lesser sanction would have been an award of attorney fees for the mate. Right, but I waived them. I mean the judge, I said, judge, I'm not looking for attorney fees. I pass on that. And so I guess by passing on that, maybe I shot myself in the foot, but I waived the attorney fees. I just wanted answers. And so the judge gave him 21 more days to file answers. 21 more days went by. He didn't file anything, nothing. And so I then filed a motion to compel. And a hearing was set on May 15. And by the way, the first, well, on the same date of the hearing, the defendants, or the plaintiff, I'm sorry, either email or faxed answers to interrogatories. And these were the interrogatories that were evasive and incomplete. And so we went forward with the hearing as to that. And that's when the court gave the, well, he didn't issue the order on that day. The hearing was held on May 15, 2019. He ordered them to supplement on June 21. I'm sorry, judge? He ordered them to supplement by June 21. Yes, sir. And they in fact supplemented on July 24. So that's where the one month comes from. Yes, sir. And, you know, subsequently after filing the motion to dismiss, and I suspect this may have been significant, a telephone conference was held regarding the motion. And in that telephone conference, Mr. Hayes represented to me and to the magistrate judge that he had provided medical records, specifically the chiropractic medical records. And the judge specifically asked, Mr. Corkin, you got those? I said, judge, I don't recall receiving those, but I could have made a mistake. I'll look in my file and I'll see. Well, in the same opposition that counsel filed, he said, I have no medical records. And within a few days after that conference, I suspect when the judge reviewed those briefs, he realized that. And I filed a supplemental, if I recall correctly, in my brief, pointing out that that counsel represented he had sent me medical records. I can't find any medical records. And in his own briefing, he says, I don't have any medical records and that's okay with me. Send me the medical authorization form. I will get the records. I will copy them and I will send them back to him. My clients didn't ask to be sued. They got sued by Mr. Johnson and Mr. Johnson wants to be a plaintiff in the lawsuit. He ought to, he ought to have to play by the rules that everybody else has to play by. And he, and he had, he had all of this time that we're in between, he still didn't file responsive pleading. At the time of the report and recommendation of the judge, he still had not identified any witnesses that may be called. He still hadn't answered interrogatory that he hadn't identified any expenses, but if he had given me the medical authorization form, I'd have got them myself. And he still had not identified any injuries resulting from the accident and whether or not he had fully recovered as requested in interrogatory number 13. Still hadn't done any of that when the judge issued his report and recommendation. And at this point in time, he's had, not a month, but he's had from October 11, 2017 until the judge's report and recommendation, which was, gee, almost a year later, maybe a year later. And I still today don't have, know who the witnesses are going to be. So you ask how I'm going to be prejudiced? Well, we had a plan of work that we had agreed to, that Mr. Johnson had agreed to, and it had deadlines for discovery. And I can't, I can't take the depositions of the witnesses because I don't know who the witnesses are and he won't tell me. I think . . . Is it typical in that court that discovery issues take that long to get resolved? Because a lot of courts now just have immediate phone conversations. These issues get resolved within a week or so. Well, the initial order to supplement the discovery, that order came within, I think, six days of the hearing on . . . There was a four-month gap on the motion to compel, right? That's right. Yes. That's not unusual? Not in that particular district. That's all I have. I'll answer any questions if anyone has any. All right. Thank you, Mr. Corcoran. Thank you. Mr. Haynes for a vote. Thank you, Your Honors. I will be brief. My opponent stated that he did not receive a medical authorization form, but he, in fact, did. And the record is quite clear with that. The defendants never used it. Even prior to actual receipt of the medical authorization form, they was given the name and address of the medical providers so they could have sent the subpoena ducis tecum to get the records. He's, during his argument, he stated that, well, if the plaintiff would just give me the information, I'll get the medical records. Don't you need the authorization because of HIPAA concerns? I'm sorry? Don't you need the authorization from the medical patient to overcome HIPAA concerns? I didn't think you could just subpoena the hospital for patient records with that. No, you can actually use a subpoena to obtain medical records. The defendant simply just has to send a certified notice to opposing counsel that he's going to be getting the records. You say you did furnish an authorization? Yes, Your Honor, I did. I did. Signed by your client? Yes. I did provide an authorization and I attached that to my opposition to his motion to dismiss. So, the defendants weren't in possession of it. They just didn't use it. Just like how they weren't . . . What's the, what's your justification for a delay in, for example, providing names of witnesses? Obviously, the other side can't go investigate and have depositions or interrogatories regarding particular witnesses if they, if you haven't given the names. It seems to me that's a very easy first step. Your client was there. He knows who the witnesses were. So, what's the reason for the continued delay on that one simple matter? Well, Your Honor, we did in fact provide the names of our witnesses. We did it initially in May of 2018 where we gave the names of the medical providers, which of course were going to be witnesses, as well as the defendant in question. And there was an additional officer who was present during the incident, incident in question from another parish. So, we did provide that. There was a delay in providing more witnesses, but we gave the names of the medical providers that we were aware of at the time. Is that reflected in the record? That is reflected, Your Honor. That's within our initial and supplemental responses. And that's the basis of my argument, Your Honor. We gave this information to them, but they simply just did not use it because they were unsatisfied with our responses. But that does not stop them from advancing their defense. That does not stop them from their investigation in this matter. The record is quite clear as to what was done by the plaintiff, but the only basis of the defendant's argument is that there was a delay. There was a delay and I will make that concession to the court. There was a delay in some of the responses, but a delay alone does not warrant a dismissal with prejudice. Lastly, Your Honors, as I stated within my reply brief, the defendant's argument, just as he argued before this court, has not provided any specific facts as to how it is actually substantially prejudiced in this matter. They simply have made conclusory statements to this court to suggest that they are substantially prejudiced. Well, suppose that you're one of these defendants who's been sued and you're facing potential monetary liability, potential sanctions on the job or whatever. There's prejudice there by months and months going by and these people don't know what might happen to them. So that's one of the reasons for abiding by the rules and the deadlines. It's not fair to them. That is correct, Your Honor. You're absolutely correct. But the distinguishment is they were given the information, but did not use it. They had the names of the witnesses. They had the names of the medical providers. Well, you just said that you hadn't provided the names of all the witnesses. Not timely. Not timely, but it was ultimately provided to them. So ultimately, when it was given to them, they did nothing with it. As the court has already noted, it was a four-month period while the magistrate decided the motion. There was nothing. Of course, I don't know what we're going to do here, but if we should decide to reverse and remand, I'm not saying that's what we're going to do. If we do that, do you promise this court that you're going to be absolutely up to date on providing information and meeting all of the other court's scheduling orders and all of the other deadlines? That is correct, Your Honor. There's never been an intent by my client to not participate in discovery. So he would ultimately do what was necessary to meet the court's orders. All right. Thank you, Mr. Haynes. In your case, both of today's cases are under submission and the court is in recess under the usual order. Thank you.